## W. H. H. Robbins *v.* Labella Robbins et al.

**Trusts—Resulting Trust—Property Paid for by Money Partly Furnished by Another—Mistake in Deed.**

A trust will not result to sons who furnish their father money, in the absence of proof that it went to pay for the land purchased by the father, especially when the draftsman proves that there was no mistake in the execution of the deed in inserting the father's name as grantee instead of the sons.

**Partition—Sale and Division of Proceeds—Adverse Claimants.**

A party who has joined in a suit for partition cannot afterward be heard to say that the property belonged to another party.

### APPEAL FROM FAYETTE CIRCUIT COURT.

#### September 26, 1871.

Opinion by Judge Pryor:

After a careful examination of the record in this case we have been unable to find any proof upon which a resulting trust was created in favor of appellant by the purchase of the house and lot in controversy. The draftsman of the deed to W. U. Robbins, who was also the vendor of the property, says there was no such mistake in the execution of that instrument in inserting the father's name as grantee instead of the son's.

The principal witnesses for appellant are his sister and her husband. The old man had been twice married, and the appellant and his sister were children by his first wife—the parties all lived in the city of Lexington or near there when the *present* petition was filed for a sale of the property and a division of the proceeds between all the children. The sister and her husband both united in this petition with a full knowledge, as they now say that the appellant was the owner and entitled to the deed. The sister was as much instrumental in having the proceedings instituted as the stepmother—advised with lawyers in conjunction with her mother, and asserted the right of all the children to an interest in the house and lot—unfriendly relations soon after this originated between these witnesses and the appellee (the widow) and from this time the brother's claim to the property seems to have been contested, resulting in the filing of his cross-petition in this case, claiming the property as his. There

is no doubt but what the appellant and his brother, while in the army, sent to their father monies at different times, but whether it was applied to the purchase of this house and lot is uncertain, and, if so, the means of both contributees to the payment of the purchase money, and if a trust resulted for the one it should for the other. The proof also shows that the old man made some money, and fair inference is that some portion of the proceeds of his own labor contributed to the purchase. The money sent to the father was no doubt to aid him in the support of his family of small children, and intended as a donation and not to be invested for appellant's benefit as alleged.

The proof shows that the old man was an honest, clever and industrious man, and if this alleged confidence had been placed in him, he never would have betrayed it. We see no error in the judgment dismissing the appellant's cross-petition. The claim set up against the administrator has no connection whatever with the controversy between the parties; he was not a defendant to the original petition and in this proceeding by the heirs to sell a house and lot one of the children is seeking to recover of the administrator an account created against him since the intestate's death. Although unanswered by the administrator, the court acted properly in requiring him to resort to the proper remedy of enforcing his claim.

The judgment of the court below is *affirmed*.

*Huston & Mulligan, for appellant.*

*Billingsly, for appellees.*